IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ELHAM NEILSON | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| v. | § | CASE NO. 6:11-CV-228-MHS-JDL |
|  | § |  |
| CLARENCE WILLIAMS | § |  |
|  | § |  |
| Defendant. | § |  |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Elham Neilson's Motion to Enter Final Judgment (Doc. No. 17). Having fully considered the matter, the Court hereby **RECOMMENDS DENYING** Plaintiff's Motion.

I. **Background**

On May 9, 2011, Plaintiff Elham Neilson filed her original complaint. (Doc. No. 1). In her complaint, Plaintiff seeks damages for conversion and tortious interference with a contract. COMPLAINT at 4. Plaintiff also asks for punitive damages and seeks equitable relief for unlawful detainer. *Id.* Defendant Clarence Williams was served on July 22, 2011, but to date has not filed an answer to the complaint, nor submitted any filings or notices with the Court.

On July 24, 2012, the Court ordered Plaintiff to file a brief demonstrating that the Court has subject matter jurisdiction, specifically demonstrating that Plaintiff's claims meet the amount in controversy requirement for diversity jurisdiction. (Doc. No. 13). Thereafter, Plaintiff

1

submitted a brief to demonstrate the amount in controversy and filed the instant Motion on August 7, 2012. (Doc. Nos. 16, 17).

**II.  Legal Standard**

"Rule 55(a) permits a default against a party when it 'has failed to plead or otherwise defend' itself." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n,* 874 F.2d 274, 276 (5th Cir.1989). A Court may not enter default judgment if it does not have subject matter jurisdiction. *Forsythe v. Saudi Arabian Airlines*, 885 F.2d 285, 288 (5th Cir. 1989). ("a party cannot waive subject matter jurisdiction by its silence."). In the default scenario, the Court must determine on its own whether it has subject matter jurisdiction. *Id.* "In making this determination, however, a district court may rely not only on the pleadings; it may consider conflicting evidence—contained in affidavits, for example—and make its own resolution of disputed jurisdictional facts." *See Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897 (1981).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal jurisdiction extends to civil matters where (1) diversity of citizenship exists, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED.R.CIV.P. 12(h)(3). The burden of establishing subject matter jurisdiction lies with the party wishing to invoke it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n. 6 (5th Cir. 1998). To determine whether the amount in controversy has been met, "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* "To justify dismissal, 'it must appear to a legal certainty

that the claim is really for less than the jurisdictional amount.'" *Id.* Bare allegations of jurisdictional facts are not enough to grant a federal court jurisdiction. *Id.*

III. **Discussion**

In Order for the Court to enter final judgment and grant Plaintiff's requested relief, it must have jurisdiction over the matter. *Forsythe*, 885 F.2d at 288. "Importantly, the jurisdictional facts must be judged as of the time the complaint is filed." *Greenburg*, 134 F.3d at 1253. Plaintiff's Brief presents several timing problems regarding jurisdiction. (Doc. No. 16). In her request for judgment, Plaintiff lists several losses she incurred that amount to a total of $182,550 in damages. (Doc. No. 17-1). However, as explained in her Brief on damages, all of these alleged losses were incurred after the filing of her complaint and do not result from any presently-filed cause of action. BRIEF at 6. Therefore, the Court cannot enter judgment in her favor for that amount, as the cause of action from which the damages arise is not filed before it. The only claim found in Plaintiff's complaint for which Plaintiff seeks an entry of judgment is Plaintiff's claim for tortious interference with a third-party contract, for which she now seeks $87,500 (Doc. No. 17-1). However, at the time of filing, Plaintiff only alleged an amount of damages equal to $20,000 for this claim. COMPLAINT at 4. This is because the $87,500 results from a lien effectuated after the filing of the original complaint. *See* BRIEF at 3 (alleging amount in controversy arising from a mechanics lien applied pursuant to losses from breached contracts and resulting in foreclosure). Since the amount allegedly in controversy from the foreclosure of the land did not exist at the time the complaint was filed, the Court cannot consider that amount in determining whether the requisite amount in controversy was met.

Because Plaintiff entered into a leasehold agreement with Defendant on August 1, 2011, she no longer moves for entry of judgment on her conversion and unlawful detainer claims.

BRIEF at 3–4. However, it was the damages alleged from her conversion claim that arguably gave her the requisite amount in controversy in her original complaint. *See* COMPLAINT at 4 (alleging $80,000 for conversion). Plaintiff's Brief on damages does not support this amount. Rather, it alleges $182,550 in damages resulting from events that did not exist at the time of filing. As a result, the Court is left with a claim, which may have given rise to diversity jurisdiction, but that Plaintiff has not requested judgment on, and remaining claims that were factually insufficient or non-existent to give rise to jurisdiction at the time the complaint was filed. Therefore, the Court declines to enter the judgment requested in Plaintiff's Motion. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED.** However, the Court **GRANTS** Plaintiff leave to resubmit a brief of no more than 5 pages, demonstrating how the requisite amount in controversy was met *at the time the complaint was filed.* If, upon Plaintiff's resubmission, the Court determines that it had jurisdiction at the time the complaint was filed, the Court will then grant Plaintiff leave to re-file a motion for default judgment on her original complaint. Plaintiff should resubmit her brief no later than **February 28, 2013.**

## CONCLUSION

For all the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED**. Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of

unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 29th day of January, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE